UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARY METCALF,<br><br>Defendant. | 4:06-CR-40094-001<br><br>ORDER DENYING DEFENDANT'S MOTION FOR WAIVER OF RESTITUTION INTEREST |

Pending before the Court is Defendant's Motion for Waiver of Restitution Interest. (Doc. 65). The United States has responded. (Doc. 67). For the following reasons, Defendant's motion is denied.

On April 4, 2007, Defendant was convicted of theft from programs receiving federal funds in violation of 18 U.S.C. § 666. (Doc. 34 PgID 126). Defendant was ordered to pay $94,306.01 in restitution to the South Dakota Coalition Against Domestic Violence and Sexual Assault and a $100 special assessment. (*Id.* at PgID 130). The Court waived interest for the restitution payment. (*Id.*). Defendant argues that she was charged interest in violation of the Court's order. (Doc. 65 PgID 208-09). However, the government provided the annual accountings, and it appears no interest has been charged. (Doc. 67-2). What Defendant refers to as "interest" is actually mandatory penalty imposed for delinquency

18 U.S.C. § 3612(g) provides as follows:

> If a fine or restitution becomes delinquent, the defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a fine or restitution becomes in default, the defendant shall pay, as a penalty, an additional amount equal to 15 percent of the principal amount that is in default.

18 U.S.C. § 3612(g). Following a period of unemployment, Defendant ceased making payments from January of 2009 through February of 2010. (Doc. 67-1, Bidne Declaration). Defendant was mailed a penalty warning on April 17, 2009, and a default letter on August 25, 2009. (*Id.*). On November 6, 2009, pursuant to 18 U.S.C. § 3612(g), a $9,218.46 penalty was imposed. (*Id.*). Then on February 16, 2010, a $13,895.14 penalty was imposed. (*Id.*). In November of 2010, Defendant began making routine payments, and as of May 16, 2025, has paid the principal restitution balance in full. However, a balance of $12,348.16 in penalties still remains. (*Id.*). Defendant requests that this balance be waived, but the Court is without authority to do so. (Doc. 65).

> 18 U.S.C. § 3612(h) provides that:
>
> The Attorney General may waive all or part of any interest or penalty under this section or any interest or penalty relating to a fine imposed under any prior law if, as determined by the Attorney General, reasonable efforts to collect the interest or penalty are not likely to be effective.

18 U.S.C. § 3612(h). It is clear, therefore, that under 18 U.S.C. § 3612, "Congress provided that only the Attorney General may waive all or part of specified delinquency and default penalties. Congress could have given district court's similar authority for delinquency and default penalties, but it did not." *United States v. Thompson*, No. 11-50054, 2018 WL 3850656, *2 (D.S.D. Aug. 13, 2018) (quoting *US v Lauersen*, 648 F.3d 115, 116 (2d Cir. 2011)). Consequently, the Court alone may not prohibit the government from collecting the $12,348.16 penalty. *See Lauersen*, 648 F.3d at 116-18 ("We conclude that the district court correctly interpreted Section 3612(h) as authorizing only the Attorney General, in its discretion, to waive all or part of delinquency and default penalties properly assessed pursuant to Section 3612(g)."). Accordingly, the Court denies Defendant's motion to waive the penalty.

For the reasons stated above, IT IS HEREBY ORDERED:

1. That Defendant's Motion to Waive Restitution Interest is denied.

Dated this 9th day of June, 2025.

BY THE COURT

Lawrence L. Piersol
United States District Judge